Joseph Kawailanihuihui Kaneapua
Individualy and on behalf of his minor Children
K.K.H.K.K.(m)
K.R.K.O.O.K.(m)            ORIGINAL
K.P.O.O.K.(m)
K.M.O.K.K.(f)
P. O. BOX 778
Kalaheo HI, 96741
440-506-6002
killahboii967@gmail.com
PRO SE

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JUL 20 2020

at 3 o'clock and 15 min. P M
CLERK, U.S. DISTRICT COURT  w

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| Joseph Kawailanihuihui Kaneapua; ) <br> Individually and on behalf of his minor ) <br> Children, K.K.H.K.K.(m); K.R.K.O.O.K.) <br> (m); K.P.O.O.K.(m); and K.M.O.K.K.(f) ) <br> *Plaintiffs* ) <br> ) <br> -v- ) <br> ) <br> COUNTY OF KAUAI; DEREK S. K. ) <br> KAWAKAMI; PATRICK PORTER; ) <br> WALLACE G. REZENTES JR.; ) <br> ROBIN SERQUINA; ELLSWORTH ) <br> KALEIOHI; RAY ORTIZ; KAUAI ) <br> POLICE DEPARTMENT; TODD ) <br> RAYBUCK; KAUAI POLICE ) <br> COMMISSION; MARY K. HERTOG; ) <br> and DOES 1-10. ) <br> *Defendants* ) <br> ) | Civil No. C V20 00316 ACK KJM <br><br> COMPLAINT FOR VIOLATION <br> OF CIVIL RIGHTS <br> DEMAND FOR JURY TRIAL <br> EXHIBITS A, B <br> CERTIFICATE OF SERVICE <br> SUMMONS <br><br><br><br><br><br><br><br> Hearing Date: <br> Judge: |

## JURISDICTION AND VENUE

1.    COMES NOW, Pursuant to 42 U.S.C. § 1983, Plaintiffs, Joseph

Kawailanihuihui Kaneapua, Individually and on behalf of his minor Children

Received By Mail
Date JUL 2 0 2020
                        w

Mailed On
Date JUL 2 1 2020
                        w

K.K.H.K.K.(m), K.R.K.O.O.K.(m), K.P.O.O.K.(m), K.M.O.K.K.(f); herein after known as ("Plaintiffs" at times "Plaintiff and his Children") brings this complaint, and seeks Personal Compensatory Damages, Punitive Damages, Declaratory, and Injunctive relief against Defendants, of the COUNTY OF KAUAI, DEREK S. K. KAWAKAMI, in his Official Capacity as Mayor; PATRICK T. PORTER, in his Official Capacity as Director of Department of Parks and Recreation; WALLACE G. REZENTES JR., in his Official Capacity as Deputy Director of Department of Parks and Recreation; ROBIN SERQUINA, in her Official Capacity as Ranger, Department of Parks and Recreation; ELLSWORTH KALEIOHI, in his Official Capacity as Ranger, Department of Parks and Recreation; RAY ORTIZ in his Official Capacity as Ranger, Department of Parks and Recreation; KAUAI POLICE DEPARTMENT; TODD RAYBUCK in his Official Capacity as Chief of Police; KAUAI POLICE COMMISSION, MARY K. HERTOG, in her official Capacity as Chairperson; and DOES 1-10; hereinafter known as ("Defendants"), under 42 U.S.C. § 1983, on the grounds that those Defendants under color of law, by their conduct, knowingly, willingly, and intentionally subjected Plaintiffs, or caused to be subjected, to the denial of rights, privileges, and immunities, secured to Plaintiff and his Children by the Constitution, and the laws of the United States.

2.    Accordingly, Plaintiffs invoke this Court's federal question jurisdiction as conferred by 28 U.S.C. § 1331.

3.     Additionally, because the relief sought is pursuant to 42 U.S.C. § 1983, this Court also has jurisdiction under 28 U.S.C. § 1343.

4.     Plaintiff and his Children who are currently registered homeless, sheltering in place at Salt Pond Beach Park in Hanapepe, County of Kauai, State of Hawaii.  Plaintiffs claim Pursuant to 42 U.S.C. § 1983 that Defendants acting under color of law in accordance with the Kauai County Code enforcing **Illegal Camping KCC 19-2.3(a),** and **Unauthorized Structure KCC 19-1.4(a)(13),** on registered homeless individuals for sleeping and sheltering in public spaces when those persons have no home or any other option for shelter violates the U.S. CONSTITUTION Eighth Amendment's prohibition on cruel and unusual punishment, *see MARTIN V. CITY OF BOISE No. 15-35845 D.C. No. 1:09-cv-00540-REB, BERZON, 9th Circuit Judge's Opinion: "We consider whether the Eighth Amendment's prohibition on cruel and unusual punishment bars a city from prosecuting people criminally for sleeping outside on public property when those people have no home or other shelter to go to. We conclude that it does."*

5.     Because this Court has jurisdiction to address the controversy before it, 28 U.S.C. § 2201 grants the Court authority to declare the rights of the parties before it, and 28 U.S.C. § 2202 authorizes the Court to grant such further relief, including injunctive relief, as the Court may deem necessary and proper.

6.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1 & 2)

because the Defendants reside in this district, because all events or omissions giving rise to the claim occurred in this district.

## STATEMENT OF CLAIM

7.     At Salt Pond Beach Park in Hanapepe, County of Kauai, State of Hawaii, Plaintiffs who are registered Homeless with Kauai Economic Opportunity hereinafter called ("KEO"), are currently sheltering in place within the permitted camping area.

8.     Currently the County of Kauai has one shelter operated by KEO located in Lihue with a maximum capacity of 19 occupants with over 500 registered homeless on Kauai.

9.     On April 15, 2019 at approximately 6:00 am, Defendant, RAY ORTIZ, in his Official Capacity as Ranger, under the authority of the County of Kauai, Department of Parks and Recreation, acting under color of law enforcing Illegal Camping KCC 19-2.3(a), knowingly, willingly, and intentionally subjecting, or causing to be subjected to the the denial of rights, privileges, and immunities secured to Plaintiff and his Children by the Constitution, and the laws of the United States, thereby inflicting emotional distress by, unprofessionally Terrorizing to inflict pain, and Psychologically Harassing Plaintiff and his Children with Malicious intent to scare Plaintiffs away and out of the public Park camping area. Therefore, subjecting

cruel and unusual punishment on Plaintiff and his Children, who are registered homeless Persons in which have no home, and no other option for shelter.

10.     On April 29, 2019, at approximately 6:30 am, Defendant, RAY ORTIZ, in his Official Capacity as Ranger for the COUNTY OF KAUAI, Department of Parks and Recreation, entered Salt Pond Beach Park Camping area, and cited Plaintiffs for Illegal Camping KCC 19-2.3(a), once again knowingly, willingly, and intentionally subjecting Plaintiffs to, or causing to be subjected to the the denial of rights, privileges, and immunities secured to Plaintiff and his Children by the Constitution, and the laws of the United States, thereby inflicting emotional distress by, unprofessionally Terrorizing to inflict pain, and Psychologically Harassing Plaintiff and his Children with Malicious intent to scare Plaintiffs away and out of the public Park camping area. Therefore, subjecting cruel and unusual punishment on Plaintiff and his Children, who are registered homeless Persons in which have no home, and no other option for shelter.

11.     On November 8, 2019, at approximately 5:30 am, Defendant, ELSWORTH KALEIOHI, in his Official Capacity as Ranger for the COUNTY OF KAUAI, Department of Parks and Recreation, entered Salt Pond Beach Park Camping area and cited Plaintiffs for Illegal Camping KCC 19-2.3(a) and Unauthorized Structure KCC 19-1.4(a)(13) once again knowingly, willingly, and intentionally subjecting Plaintiffs to, or causing to be subjected to the the denial of

rights, privileges, and immunities secured to Plaintiff and his Children by the Constitution, and the laws of the United States, thereby inflicting emotional distress by, unprofessionally Terrorizing to inflict pain, and Psychologically Harassing Plaintiff and his Children with Malicious intent to scare Plaintiffs away and out of the public Park camping area. Therefore, subjecting cruel and unusual punishment on Plaintiff and his Children, who are registered homeless Persons in which have no home, and no other option for shelter.

12.     On November 18, 2019, at approximately 5:30 am, Defendant, ELSWORTH KALEIOHI, in his Official Capacity as Ranger for the COUNTY OF KAUAI, Department of Parks and Recreation, entered Salt Pond Beach Park Camping area and cited Plaintiffs for Unauthorized Structure KCC 19-1.4(a)(13) once again knowingly, willingly, and intentionally subjecting Plaintiffs to, or causing to be subjected to the the denial of rights, privileges, and immunities secured to Plaintiff and his Children by the Constitution, and the laws of the United States, thereby inflicting emotional distress by, unprofessionally Terrorizing to inflict pain, and Psychologically Harassing Plaintiff and his Children with Malicious intent to scare Plaintiffs away and out of the public Park camping area. Therefore, subjecting cruel and unusual punishment on Plaintiff and his Children, who are registered homeless Persons in which have no home, and no other option for shelter.

13.    On November 20, 2019, at approximately 5:30 am, Defendant, ELSWORTH KALEIOHI, in his Official Capacity as Ranger for the COUNTY OF KAUAI, Department of Parks and Recreation, entered Salt Pond Beach Park Camping area and cited Plaintiffs for Unauthorized Structure KCC 19-1.4(a)(13), once again knowingly, willingly, and intentionally subjecting Plaintiffs to, or causing to be subjected to the the denial of rights, privileges, and immunities secured to Plaintiff and his Children by the Constitution, and the laws of the United States, thereby inflicting emotional distress by, unprofessionally Terrorizing to inflict pain, and Psychologically Harassing Plaintiff and his Children with Malicious intent to scare Plaintiffs away and out of the public Park camping area. Therefore, subjecting cruel and unusual punishment on Plaintiff and his Children, who are registered homeless Persons in which have no home, and no other option for shelter.

14.    On November 27, 2019, at approximately 5:30 am, Defendant, ELSWORTH KALEIOHI, in his Official Capacity as Ranger for the COUNTY OF KAUAI, Department of Parks and Recreation, entered Salt Pond Beach Park Camping area and cited Plaintiffs for Illegal Camping KCC 19-2.3(a), once again knowingly, willingly, and intentionally subjecting Plaintiffs to, or causing to be subjected to the the denial of rights, privileges, and immunities secured to Plaintiff and his Children by the Constitution, and the laws of the United States, thereby inflicting emotional distress by, unprofessionally Terrorizing to inflict pain, and

Psychologically Harassing Plaintiff and his Children with Malicious intent to scare Plaintiffs away and out of the public Park camping area. Therefore, subjecting cruel and unusual punishment on Plaintiff and his Children, who are registered homeless Persons in which have no home, and no other option for shelter.

15.    On or about December 5, 2019, at approximately 6:00 am, Defendant, ELLSWORTH KALEIOHI, entered the Salt Pond Beach Park Camping area acting under color of law enforcing KCC 19-2.3 (a) Illegal Camping, once again knowingly, willingly, and intentionally inflicting emotional distress, by unprofessionally Terrorizing to inflict pain, and Psychologically Harassing Plaintiff and his Children with the Malicious intent to scare Plaintiffs away and out of  Park camping area when as stated previously there is only one shelter currently on Kauai operated by KEO with  maximum occupancy of 19, with over 500 registered homeless the KEO shelter is incapable of offering shelter and assistance to the entire islands houseless community, therefore Plaintiffs have no other option but to shelter in place at the County Beach Park camping area.

16.    KPD Officers arrived at Salt Pond Beach Park and arrested and detained Plaintiff Joseph Kawailanihuihui Kaneapua for Illegal Camping KCC 19-2.3 (a) once again knowingly, willingly, and intentionally inflicting emotional distress, leaving his minor Children K.K.H.K.K.(m), K.R.K.O.O.K.(m), K.P.O.O.K.(m), K.M.O.K.K.(f), who were left alone in Terror and Fear after watching their Father

get arrested and  taken away, thereby intentionally inflicting emotional distress and Psychological Harassment.

17.     When Plaintiff asked what was the charge or reason for arrest and being detained, KPD officers stated that Plaintiffs had been warned to stay out of the Park and that they had Executive orders from the top of the chain of command, being sent by Defendants DEREK S. K. KAWAKAMI, Mayor; TODD RAYBUCK, Police Chief; and MARY K. HERTOG, Police Commission Chair.

18.     Later that day in the District Court of the Fifth Circuit, Judge Michael K. Soong, Dismissed with Prejudice all Charges (see EXHIBIT A).  Plaintiffs obtained camping permits from the County of Kauai for Salt Pond Beach Park.

19.     The following morning, at approximately 5:00 am, Defendant, ELLSWORTH KALEIOHI Psychologically Harassed Plaintiffs, by removing Camping Permits, and once again knowingly, willingly, and intentionally inflicting emotional distress and with Malicious intent, issued citations for Illegal Camping KCC 19-2.3(a) and Unauthorized Structure KCC 19-1.4(a)(13)   once again knowingly, willingly, and intentionally subjecting Plaintiffs to, or causing to be subjected to the the denial of rights, privileges, and immunities secured to Plaintiff and his Children by the Constitution, and the laws of the United States to include the protection from being subjected to a Double Jeopardy, thereby inflicting emotional distress by,  unprofessionally Terrorizing to inflict pain, and Psychologically

Harassing Plaintiff and his Children with Malicious intent to scare Plaintiffs away and out of the public Park camping area.  Therefore, subjecting cruel and unusual punishment on Plaintiff and his Children, who are registered homeless Persons in which have no home, and no other option for shelter.

20.    On December 16, 2019, at approximately 5:30 am, Defendant, ELSWORTH KALEIOHI, in his Official Capacity as Ranger for the COUNTY OF KAUAI, Department of Parks and Recreation, entered Salt Pond Beach Park Camping area and cited Plaintiffs for Illegal Camping KCC 19-2.3(a) and Unauthorized Structure KCC 19-1.4(a)(13), once again knowingly, willingly, and intentionally subjecting Plaintiffs to, or causing to be subjected to the the denial of rights, privileges, and immunities secured to Plaintiff and his Children by the Constitution, and the laws of the United States, thereby inflicting emotional distress by,  unprofessionally Terrorizing to inflict pain, and Psychologically Harassing Plaintiff and his Children with Malicious intent to scare Plaintiffs away and out of the public Park camping area.  Therefore, subjecting cruel and unusual punishment on Plaintiff and his Children,  and also a Double Jeopardy again, who are registered homeless Persons in which have no home, and no other option for shelter.

21.    On December 17, 2019, at approximately 5:30 am, Defendant, ELSWORTH KALEIOHI, in his Official Capacity as Ranger for the COUNTY OF KAUAI, Department of Parks and Recreation, entered Salt Pond Beach Park

Camping area and cited Plaintiffs for Illegal Camping KCC 19-2.3(a), once again knowingly, willingly, and intentionally subjecting Plaintiffs to, or causing to be subjected to the the denial of rights, privileges, and immunities secured to Plaintiff and his Children by the Constitution, and the laws of the United States, thereby inflicting emotional distress by,  unprofessionally Terrorizing to inflict pain, and Psychologically Harassing Plaintiff and his Children with Malicious intent to scare Plaintiffs away and out of the public Park camping area.  Therefore, subjecting cruel and unusual punishment on Plaintiff and his Children,  and also a Double Jeopardy again, who are registered homeless Persons in which have no home, and no other option for shelter.

22.     On January 8, 2020, at approximately 8:00 am, in the District Court of the Fifth Circuit all other charges from numerous citations of Illegal Camping KCC 19-2.3(a) and Unauthorized Structure KCC 19-1.4(a)(13) were **"DISMISSED WITH PREJUDICE - IN INTEREST OF JUSTICE"** (see EXHIBIT A), acknowledged and decided upon by Deputy Prosecuting Attorney Chris Donahue, and District Judge Michael Soong, for the Fifth Circuit District Court that the governing case causing the dismissal is the case sited under JURISDICTION in this complaint.

23.     Immediately following the Courts Dismissal, Plaintiffs hand delivered copies of the Courts Dismissal documents to Defendants, of the County of Kauai,

Department of Parks and Recreation, and respectfully explained that there is no other option for shelter provided for the homeless community by the County of Kauai, or State of Hawaii and therefore, any further citations would be a Double Jeopardy thus, cruel and unusual punishment inflicted on Plaintiffs who are Registered Homeless with KEO. Defendant, WALLACE G. REZENTES JR., knowingly, willingly, and intentionally exclaimed to Plaintiffs, that citations will continue to be issued regardless of the courts dismissal, and in spite of the County of Kauai's lack of fulfilling its obligation to provide substantial shelter around the Island of Kauai for the homeless in each district of the County, thereby, Psychologically Harassing Plaintiffs and intentionally inflicting emotional distress.

24. On January 15, 2020, at approximately 5:30 am, Defendant, ELSWORTH KALEIOHI, in his Official Capacity as Ranger for the COUNTY OF KAUAI, Department of Parks and Recreation, entered Salt Pond Beach Park Camping area and cited Plaintiffs for Illegal Camping KCC 19-2.3(a) and Unauthorized Structure KCC 19-1.4(a)(13), once again knowingly, willingly, and intentionally subjecting Plaintiffs to, or causing to be subjected to the the denial of rights, privileges, and immunities secured to Plaintiff and his Children by the Constitution, and the laws of the United States, thereby inflicting emotional distress by, unprofessionally Terrorizing to inflict pain, and Psychologically Harassing Plaintiff and his Children with Malicious intent to scare Plaintiffs away and out of

the public Park camping area.  Therefore, subjecting cruel and unusual punishment

on Plaintiff and his Children,  and also a Double Jeopardy again, who are registered

homeless Persons in which have no home, and no other option for shelter.  Citation

was dismissed with prejudice on 02/26/2020 (see EXHIBIT A).

24.    On March 11, 2020, at approximately 5:30 am, Defendant,

ELSWORTH KALEIOHI, in his Official Capacity as Ranger for the COUNTY OF

KAUAI, Department of Parks and Recreation, entered Salt Pond Beach Park

Camping area and cited Plaintiffs for Illegal Camping KCC 19-2.3(a), once again

knowingly, willingly, and intentionally subjecting Plaintiffs to, or causing to be

subjected to the the denial of rights, privileges, and immunities secured to Plaintiff

and his Children by the Constitution, and the laws of the United States, thereby

inflicting emotional distress by,  unprofessionally Terrorizing to inflict pain, and

Psychologically Harassing Plaintiff and his Children with Malicious intent to scare

Plaintiffs away and out of the public Park camping area.  Therefore, subjecting cruel

and unusual punishment on Plaintiff and his Children,  and also a Double Jeopardy

again, who are registered homeless Persons in which have no home, and no other

option for shelter.  Citation was dismissed with prejudice on 06/17/2020 (see

EXHIBIT A).

**CLAIM FOR RELIEF**

**CRUEL AND UNUSUAL PUNISHMENT INFLICTED**

**(42 U.S.C. § 1983 et seq.; United States Constitution, Amendment VIII)**

25.     Plaintiff incorporates all previous paragraphs of this Complaint as if fully set forth here.

26.     The Defendants, jointly and severally, through their actions and inaction have continually violated the rights of Plaintiffs and others similarly situated, and will continue to do so unless enjoined and abated.

27.     Acting    in    concert,    Defendants    violated    the    U.S. CONSTITUTION EIGHTH AMENDMENTS Prohibition on cruel and unusual punishment *see **MARTIN V. CITY OF BOISE** No. 15-35845 D.C. No. 1:09-cv-00540-REB, **BERZON, 9th Circuit Judge's Opinion:** "We consider whether the Eighth Amendment's prohibition on cruel and unusual punishment bars a city from prosecuting people criminally for sleeping outside on public property when those people have no home or other shelter to go to. **We conclude that it does.**"*

, in such causing Plaintiffs Personal injuries, Intentionally Inflicting Emotional Distress, through Psychological Harassment.  Thereby, subjecting Plaintiffs to the denial of rights, privileges, and immunities secured by the Constitution, and the laws of the United States, and shall be held liable to the Plaintiffs being the injured party for redress.

28.    Plaintiff and his Children sustained emotional and phycological Trauma caused by the severity of the Defendants repeated Unprofessional and UNCONSTITUTIONAL, cruel and unusual punishment inflicted subjecting Plaintiffs to numerous Double Jeopardies, and Malicious actions, and Psychological Harassment, aimed to deter Plaintiff and his Children from sheltering in place at Salt Pond Beach Park Camping Area, when Plaintiffs had no home or other option for shelter.

**PRAYER FOR RELIEF**

Wherefore, Plaintiffs respectfully and humbly pray that the Court enter judgment in their favor granting the following relief:

A.    Personal Compensatory Damages in the amount of $500.00.

B.    Punitive Damages in the amount of $4,500,000  to redress grievances and injuries inflicted.

C.    A preliminary and permanent injunction abating the Double Jeopardy, as well as cruel and unusual punishment inflicted, alleged herein, to include:

- enjoining Defendants from further violations of the U.S. CONSTITUTION, by citing Registered Homeless and enforcing Illegal Camping KCC 19-2.3(a) and Unauthorized Structure KCC 19-1.4(a)(13), as alleged herein;

D.    Costs of court; and

E.    Attorney fees pursuant to 42 U.S.C. § 1988.

## JURY DEMAND

Plaintiffs demand a jury trial as to all matters triable by jury.

Signed on the _16_ day of ___July___ , 2020,            Respectfully submitted,

JOSEPH KAWAILANIHUIHUI KANEAPUA,
*IN PRO PER*

By: _____
Joseph Kawailanihuihui Kaneapua
Plaintiff
Individually and on behalf of his minor Children
K.K.H.K.K.(m), K.R.K.O.O.K.(m), K.P.O.O.K.(m), K.M.O.K.K.(f).

P. O. BOX 778
Kalaheo HI, 96741
440-506-6002
killahboii967@gmail.com
PRO SE

Page **16** of 19

## CERTIFICATE AND CLOSING

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.  I agree to provide the Clerk's Office with any changes to my address where case related papers may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in dismissal of my case.

Signed on the _10_ day of ___July___ , 2020,        PLAINTIFFS PRO SE

By: _____
Joseph Kawailanihuihui Kaneapua,
Individually and on behalf of his minor Children
K.K.H.K.K.(m), K.R.K.O.O.K.(m), K.P.O.O.K.(m), K.M.O.K.K.(f).

P. O. BOX 778
Kalaheo HI, 96741,
440-506-6002,