IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| JOSEPH KAWAILANIHUIHUI KANEAPUA, individually and on behalf of his minor children K.K.H.K.K., K.R.K.O.O.K., K.P.O.O.K., and K.M.O.O.K., <br><br>   Plaintiffs, <br><br>   vs. <br><br> COUNTY OF KAUAI; DEREK S.K. KAWAKAMI; PATRICK PORTER; WALLACE G. REZENTES, JR.; ROBIN SERQUINA; ELLSWORTH KALEIOHI; RAY ORTIZ; KAUAI POLICE DEPARTMENT; TODD RAYBUCK; KAUAI POLICE COMMISSION; MARY K. HERTOG; and DOES 1-10, <br><br>   Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Civil No. 20-00316 ACK-KJM <br><br> FINDINGS AND RECOMMENDATION: (1) GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS; (2) DISMISSING IN PART COMPLAINT FOR VIOLATION OF CIVIL RIGHTS; AND (3) DIRECTING SERVICE |

FINDINGS AND RECOMMENDATION:  (1) GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS; (2) DISMISSING IN PART COMPLAINT FOR VIOLATION OF CIVIL RIGHTS; AND (3) DIRECTING SERVICE

On July 2, 2020, Plaintiff Joseph Kawailanihuihui Kaneapua, individually and on behalf of his minor children K.K.H.K.K., K.R.K.O.O.K., K.P.O.O.K., and K.M.O.O.K. ("Plaintiff"), filed a Complaint for Violation of Civil Rights ("Complaint") against the following defendants:  County of Kauai (the "County");

Derek S.K. Kawakami, in his official capacity as Mayor ("Defendant Kawakami"); Patrick T. Porter, in his official capacity as Director of Department of Parks and Recreation ("Defendant Porter"); Wallace G. Rezentes, Jr., in his official capacity as Deputy Director of Department of Parks and Recreation ("Defendant Rezentes"); Robin Serquina, in her official capacity as Ranger, Department of Parks and Recreation ("Defendant Serquina"); Ellsworth Kaleiohi, in his official capacity as Ranger, Department of Parks and Recreation ("Defendant Kaleiohi"); Ray Ortiz, in his official capacity as Ranger, Department of Parks and Recreation ("Defendant Ortiz"); Kauai Police Department ("KPD"); Todd Raybuck, in his official capacity as Chief of Police ("Defendant Raybuck"); Kauai Police Commission ("KPC"); Mary K. Hertog, in her official capacity as Chairperson ("Defendant Hertog"); and Does 1-10 (collectively, "Defendants").[1]  ECF No. 1. That same day, Plaintiff also filed an Application to Proceed in District Court Without Prepaying Fees or Costs ("IFP Application").  ECF No. 2.

The Court elects to decide this matter without a hearing pursuant to Rule 7.1(d) of the Local Rules of Practice for the United States District Court for the District of Hawaii.  For the reasons set forth below, the Court FINDS AND

---

[1] Defendants Kawakami, Porter, Wallace, Rezentes, Serquina, Kaleiohi, Ortiz, Raybuck, and Hertog are collectively referred to herein as, the "Individual Defendants."

RECOMMENDS that the district court GRANT Plaintiff's IFP Application, DISMISS IN PART the Complaint, and DIRECT service.

## DISCUSSION

I.  Plaintiff's IFP Application

Federal courts can authorize the commencement of any suit without prepayment of fees or security by a person who submits an affidavit that demonstrates an inability to pay. *See* 28 U.S.C. § 1915(a)(1). "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (citing *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948)); *see also United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (stating that the affidavit must "state facts as to affiant's poverty with some particularity, definiteness and certainty.").

When reviewing an application filed pursuant to § 1915(a), "[t]he only determination to be made by the court . . . is whether the statements in the affidavit satisfy the requirement of poverty." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004). While § 1915(a) does not require a litigant to demonstrate absolute destitution, *Adkins*, 335 U.S. at 339, the applicant must nonetheless show that he or she is "unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a).

According to the IFP Application, Plaintiff is unemployed and has no source of income. ECF No. 2 at 1. Plaintiff indicates that he has no cash in a checking or savings account. *See id.* at 2. Plaintiff also indicates that he has four minor children who are dependent upon him for support. *See id.*

Based upon the information in the IFP Application, the Court finds that Plaintiff has demonstrated that he is unable to pay court costs at this time and recommends that the district court grant the IFP Application.

II.   Plaintiff's Complaint

    A.   Screening Pursuant to 28 U.S.C. § 1915(e)(2)

The Court must subject each civil action commenced pursuant to 28 U.S.C. § 1915(a) to a mandatory screening and order the dismissal of any claims it finds "frivolous, malicious, failing to state a claim upon which relief can be granted, or seeking monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (stating that 28 U.S.C. § 1915(e) "not only permits but requires" the court to dismiss sua sponte an in forma pauperis complaint that fails to state a claim); *Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) (per curiam) (holding that "the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners").

To avoid dismissal for failure to a state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible

on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Weber v. Dep't of Veterans Affairs*, 521 F.3d 1061, 1065 (9th Cir. 2008).  This tenet--that the court must accept as true all of the allegations contained in the complaint--"is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.  Accordingly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555).  Rather, "[a] claim has facial plausibility when the plaintiff pleads sufficient content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).  Factual allegations that permit the court to infer only "the mere possibility of misconduct" do not show that the pleader is entitled to relief as required by Federal Rule of Civil Procedure 8. *Id.* at 679.

A complaint must also meet Rule 8's requirements that a complaint include a "short and plain statement of the claim," and that "each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(a)(2), (d)(1).  A district court may dismiss a complaint for failure to comply with Rule 8 where the complaint fails to provide the defendant fair notice of the wrongs allegedly committed. *See McHenry v. Renne*, 84 F.3d 1172, 1178-80 (9th Cir. 1996) (affirming dismissal of complaint where "one cannot determine from the complaint who is being sued, for what

5

relief, and on what theory, with enough detail to guide discovery"); *cf. Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1105 n.4 (9th Cir. 2008) (finding dismissal under Rule 8 was in error where "the complaint provide[d] fair notice of the wrongs allegedly committed by defendants and [did] not qualify as overly verbose, confusing, or rambling").

"The propriety of dismissal for failure to comply with Rule 8 does not depend on whether the complaint is wholly without merit." *McHenry*, 84 F.3d at 1179. Rule 8 does, however, require more than "the-defendant-unlawfully-harmed-me accusation[s]" and "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Iqbal*, 556 U.S. at 678 (citations and internal quotation marks omitted). "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id.* (quotation marks omitted).

Moreover, because Plaintiff is appearing pro se, the Court liberally construes the Complaint. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see also Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) (citing *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiuam)) ("The Supreme Court has instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants."). The Court also recognizes that "[u]nless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's

6

deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995); *see also Crowley v. Bannister*, 734 F.3d 967, 977-78 (9th Cir. 2013).

    B.    The Complaint's Allegations

        1.    Plaintiff Receives Citations for Alleged Violations of Kauai County Code

The Complaint alleges that Plaintiff and his minor children are registered with Kauai Economic Opportunity ("KEO") as homeless individuals. ECF No. 1 at 4 ¶ 7. The Complaint alleges that Plaintiff and his children are currently "sheltering in place within the permitted camping area" at Salt Pond Beach Park (the "Park") in Hanapepe, Kauai. *Id.* The Complaint alleges that the County "has one shelter operated by KEO located in Lihue with a maximum capacity of 19 occupants with over 500 registered homeless on Kauai." *Id.* ¶ 8.

The Complaint alleges that, on the morning of April 15, 2019, Defendant Ortiz, acting pursuant to Kauai County Code ("KCC") § 19-2.3(a),[2] "knowingly, willingly, and intentionally" caused "the denial of rights, privileges, and immunities secured to Plaintiff and his Children by the Constitution . . . thereby

---

[2] KCC § 19-2.3(a) provides: "Any person who camps, erects a tent or constructs any temporary sleeping quarters on any County public park during the hours of 5:00 p.m. to 10:00 a.m. shall first obtain a camping permit from the Department of Parks and Recreation or any other authorized County agency." *See* https://qcode.us/codes/kauaicounty/ (last visited August 28, 2020).

7

inflicting emotional distress . . . and Psychologically Harassing Plaintiff and his Children with Malicious intent to scare" Plaintiff and his children out of the Park's camping area. *Id.* ¶ 9. The Complaint alleges that Defendant Ortiz's conduct amounted to the "cruel and unusual punishment" of Plaintiff and his children, "who are registered homeless Persons [with] . . . no other option for shelter." *Id.* at 4-5 ¶ 9. The Complaint alleges that Defendant Ortiz engaged in the same conduct against Plaintiff and his children on April 29, 2019. *Id.* at 5 ¶ 10.

The Complaint alleges that, on November 8, 2019, Defendant Kaleiohi cited Plaintiff for alleged illegal camping and having an unauthorized structure in the Park, in violation of KCC §§ 19-2.3(a) and 19-1.4(a)(13).[3] *Id.* ¶ 11. The Complaint alleges that Defendant Kaleiohi subsequently issued additional citations to Plaintiff on the following dates: (1) November 18, 2019, for allegedly violating KCC § 19-1.4(a)(13); (2) November 20, 2019, for allegedly violating KCC § 19-1.4(a)(13); (3) November 27, 2019, for allegedly violating KCC § 19-2.3(a); and (4) December 5, 2019, for allegedly violating KCC § 19-2.3(a). *Id.* at 6-8 ¶¶ 12-15. Plaintiff alleges that, during each of the foregoing incidents, Defendant

---

[3] KCC § 19-1.4(a)(13) provides: "No person at a park or recreation facility shall: . . . [c]onstruct or erect any building or structure of whatever kind, whether permanent or temporary in character, unless authorized by the County Engineer or designated representative on a permit, except for a prefab and manufactured quick tent no larger than twenty (20) feet by twenty (20) feet for an event or gathering." *See* https://qcode.us/codes/kauaicounty/ (last visited August 28, 2020).

Kaleiohi psychologically harassed Plaintiff and his children with malicious intent to scare them out of the Park. *See id.* at 5-8 ¶¶ 11-15. Plaintiff alleges that Defendant Kaleiohi's conduct violated the constitutional rights of, and caused emotional distress to, Plaintiff and his children. *Id.*

### 2. KPD Officers Arrest Plaintiff

The Complaint alleges that, on an unspecified date, KPD officers arrived at the Park and arrested and detained Plaintiff for allegedly violating KCC § 19-2.3(a). *Id.* at 8 ¶ 16. "When Plaintiff asked what was the charge or reason for arrest and being detained, KPD officers stated that Plaintiff[] had been warned to stay out of the Park and that they had Executive orders from . . . Defendants [Kawakami, Raybuck, and Hertog]." *Id.* at 9 ¶ 17. The KPD officers removed Plaintiff, leaving Plaintiff's children at the Park. *Id.* at 8-9 ¶ 16. Later that day, the District Court of the Fifth Circuit, State of Hawaii ("State District Court"), dismissed with prejudice the charges against Plaintiff. *Id.* at 9 ¶ 18. Plaintiff subsequently obtained camping permits from the County for the Park. *Id.*

### 3. Plaintiff Continues to Receive Citations for Alleged Violations of KCC §§ 19-2.3(a) and 19-1.4(a)(13)

The Complaint alleges that, the next morning, Defendant Kaleiohi removed Plaintiff's camping permits and cited Plaintiff for allegedly violating KCC §§ 19-2.3(a) and 19-1.4(a)(13). *Id.* at 9 ¶ 19. The Complaint alleges that Defendant Kaleiohi inflicted emotional distress on Plaintiff and his children to scare them out

9

of the Park. *Id.* The Complaint alleges that Defendant Kaleiohi's conduct violated Plaintiff's rights under the Double Jeopardy Clause and amounted to cruel and unusual punishment in violation of the Eighth Amendment. *Id.* The Complaint alleges that Defendant Kaleiohi again issued citations to Plaintiff on December 16 and 17, 2019 and engaged in similar conduct toward Plaintiff and his children.

On January 8, 2020, the State District Court dismissed with prejudice all charges against Plaintiff for alleged violations of KCC §§ 19-2.3(a) and 19-1.4(a)(13). *Id.* at 11 ¶ 22 (citing ECF No. 1-2). Plaintiff alleges that, after the State District Court dismissed the charges, he hand-delivered copies of the court dismissal documents to Defendants, including the County and Department of Parks and Recreation. *Id.* at 11-12 at ¶ 23. Plaintiff "respectfully explained [to Defendants] that there is no other option for shelter provided for the homeless community by [the County] or State of Hawaii . . . ." *Id.* at 12 ¶ 23. In response, Defendant Rezentes, Deputy Director of the County's Department of Parks and Recreation, "exclaimed to Plaintiff[] that citations will continue to be issued regardless of the courts [sic] dismissal, and in spite of the [County's] lack of fulfilling its obligation to provide substantial shelter around the Island of Kauai for the homeless in each district of the County . . . ." *Id.*

On January 15, 2020, Defendant Kaleiohi entered the Park and cited Plaintiff for alleged violations of KCC §§ 19-2.3(a) and 19-1.4(a)(13). *Id.* at 12 ¶ 24. The

Complaint alleges that the charges from this citation were later dismissed with prejudice. *Id.* at 13 ¶ 24. On March 11, 2020, Defendant Kaleiohi issued another citation to Plaintiff for allegedly violating KCC § 19-2.3(a), which was dismissed with prejudice. *Id.* at 13 ¶ 25[4] (citing ECF No. 1-2).

    4.    Procedural Background

On July 20, 2020, Plaintiff filed the Complaint. The Complaint alleges that Defendants acted in concert and, "jointly and severally, through their actions and inaction[,] have continually violated the rights of Plaintiff[] and others similarly situated, and will continue to do so unless enjoined and abated." *Id.* at 14 ¶ 26. The Complaint asserts claims against Defendants pursuant to 42 U.S.C. § 1983 for alleged violations of Plaintiff's rights under the Eighth Amendment and Double Jeopardy Clause. The Complaint prays for compensatory damages, punitive damages, injunctive relief, and attorneys' fees and costs. *Id.* at 15-16.

C.    Application of the Screening Standard

    1.    Claims Against the Individual Defendants, KPD, and KPC

The Complaint asserts claims against the Individual Defendants in their official capacities. Such claims, and the claims against KPD and KPC, are identical and duplicative of the claims against the County. The Court thus

---

[4] The Court notes that the Complaint contains two consecutive paragraphs numbered, "24." Because this appears to be a typographical error, for clarity purposes, the Court cites to the second of these two paragraphs as, "¶ 25."

recommends that the district court dismiss the claims against the Individual Defendants, KPD, and KPC. *See Hyer v. City & Cty. of Honolulu*, CIV. NO. 19-00586 HG-RT, 2020 WL 3440934, at *3 (D. Haw. June 23, 2020) (citing *Kentucky v. Graham*, 473 U.S. 159, 165-67 (1985); *Cmty. House, Inc. v. City of Boise*, 623 F.3d 945, 966-67 (9th Cir. 2010)) (dismissing the claims against the defendant chief of police in her individual capacity as identical and duplicative of the claims against the city).

        2.     Claims Against the County

To sustain a civil rights action pursuant to § 1983, a plaintiff "must show '(1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of a federal constitutional or statutory right.'" *Hydrick v. Hunter*, 500 F.3d 978, 987 (9th Cir. 2007) (citation and internal quotation marks omitted), *vacated and remanded on other grounds*, 556 U.S. 1256 (2009); *see also West v. Atkins*, 487 U.S. 42, 48 (1988); 42 U.S.C. § 1983. "Additionally, a plaintiff must allege that he suffered a specific injury as a result of the conduct of a particular defendant, and he must allege an affirmative link between the injury and the conduct of that defendant." *Jossy v. Hawaii*, CIV. NO. 19-00055 LEK-RT, 2019 WL 2292074, at *6 (D. Haw. May 29, 2019) (citing *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976)). "'A person "subjects" another to the deprivation of a constitutional right, within the

meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" *Id.* (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)).

Local governmental bodies such as counties and municipalities are considered "persons" under § 1983, and are thus subject to § 1983 liability. *Monell v. Dep't of Social Servs. of N.Y.*, 436 U.S. 658, 690-91 (1978). "Because a municipality may not be held liable under a theory of respondeat superior, a municipality itself must inflict injury to be alible under § 1983." *Id.* at 694; *see also Hyun Ju Park v. City & Cty. of Honolulu*, 292 F. Supp. 3d 1080, 1090 n.3 (D. Haw. 2018) ("On a municipal liability claim, the City policy itself must cause the constitutional deprivation." (internal quotation marks and citation omitted)).

"Municipalities may be liable pursuant to § 1983 for omissions, including the failure to train, when those omissions inflict constitutional injury and amount to the municipality's own official policy." *Clouthier v. Cty. of Contra Costa*, 591 F.3d 1232, 1249 (9th Cir. 2010) (citing *City of Canton v. Harris*, 489 U.S. 378, 389 (1989)). To establish a § 1983 claim for municipal liability, the plaintiff must show: "(1) that [she] possessed a constitutional right of which [she] was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional right; and (4) that the policy is the

13

moving force behind the constitutional violation." *Oviatt v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1992) (internal quotation marks omitted).

The Complaint alleges that Defendants, acting in concert, caused Plaintiff to be issued multiple citations and arrested for alleged violations of KCC §§ 19-2.3(a) and 19-1.4(a)(13). The Complaint alleges that the County has a policy of enforcing KCC §§ 19-2.3(a) and 19-1.4(a)(13) against homeless individuals who have no home or other option for shelter. The Complaint also alleges that the orders for this policy came from "the top of the chain of command," including the County's Mayor, Defendant Kawakami. In addition, at least one County official, Defendant Rezentes, has indicated to Plaintiff that the County will continue to issue citations to Plaintiff for future similar violations, despite the fact that the State District Court dismissed the previous charges against Plaintiff. The Complaint alleges that the County's alleged custom violates Plaintiff's rights under the Cruel and Unusual Punishment Clause of the Eighth Amendment and the Constitution's Double Jeopardy Clause.

Liberally construing Plaintiff's allegations, and accepting them as true, the Court finds that they are minimally sufficient to state a § 1983 claim based on alleged Eighth Amendment violations against the County for purposes of the IFP Application. The Court thus recommends that the district court direct service of

Plaintiff's § 1983 claim based on alleged Eighth Amendment violations against the County and require a response.

As to Plaintiff's § 1983 claim based on alleged violations of the Double Jeopardy Clause, however, the Court finds that the Complaint fails to state such a claim. The Double Jeopardy Clause "protects against a second prosecution for the same offense after conviction. And it protects against multiple punishments for the same offense." *North Carolina v. Pearce*, 395 U.S. 711 (1969), *overruled on other grounds by Alabama v. Smith*, 490 U.S. 794 (1989); *see* U.S. Const. amend. V. Here, the Complaint does not allege that Plaintiff was prosecuted or convicted for the same offense. Indeed, the Complaint alleges that Plaintiff was never convicted and the State District Court dismissed all charges against him. In addition, although Plaintiff was charged with multiple violations of the same KCC sections, the Complaint alleges that each citation issued to Plaintiff was for a different date and time, *i.e.*, a different offense. The Court thus recommends that the district court dismiss Plaintiff's § 1983 claim based on alleged violations of the Due Process Clause against the County.

### 3. Claims by Plaintiff's Minor Children

The Complaint asserts that the claims therein are asserted by Plaintiff individually and on behalf of his minor children. Although the Complaint alleges that Plaintiff's children suffered emotional distress as a result of Defendants'

15

conduct, the Complaint does not allege facts showing that a policy of the County resulted in the violation of the children's constitutional rights. The Court thus finds that the Complaint fails to state a § 1983 claim as to Plaintiff's minor children and recommends that the district court dismiss this claim.

## CONCLUSION

Based upon the foregoing, the Court FINDS AND RECOMMENDS that the district court:

1. GRANT Plaintiff's IFP Application;

2. DIRECT SERVICE of the Second Amended Complaint as to Plaintiff's § 1983 claim based on alleged violations of the Eighth Amendment against the City;

3. DISMISS the remainder of the Complaint as set forth herein.

IT IS SO FOUND AND RECOMMENDED.

DATED: Honolulu, Hawaii, August 31, 2020.



Kenneth J. Mansfield
United States Magistrate Judge

*Kaneapua v. Cty. of Kauai, et al.*, Civil No. 20-00316 ACK-KJM; Findings and Recommendation: (1) Granting Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs; (2) Dismissing in Part Complaint for Violation of Civil Rights; and (3) Directing Service

16